```
                    FILED

                  AUG 24 2006

           UNITED STATES BANKRUPTCY COURT
           EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 05-28291-C-7 |
| DAVID C. BICKFORD and<br>BARBARA D. BICKFORD, | MC No. MBB-1 |
| Debtors. | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e).

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

### Findings of Fact

Debtors filed their voluntary chapter 7 petition on July 8, 2005. They scheduled real property commonly known as 24625 Clement Avenue, Los Molinos, California ("property") as property of the estate. The first meeting of creditors was held on August 4, 2005. The chapter 7 trustee filed a report finding that there is property available for distribution from the estate over and above that exempted by the debtors. The court observes that debtors were discharged from all dischargeable debts on December 20, 2005.

On July 25, 2006, Cendant Mortgage Corporation ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to foreclose upon the property. The fair market value of the property is approximately $120,000. Movant has a lien on the property in the approximate amount of $94,628.17. There is no evidence of any other liens against the property. No opposition to the motion was filed. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

### Conclusions of Law

The automatic stay of acts against debtors _in personam_ and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). The automatic stay may be terminated earlier if debtors fail to protect the

secured party's interest adequately, § 362(d)(1), and, with respect to a stay of an act against property, debtors do not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2)(B). The issue of whether the property is necessary to an effective reorganization is not considered in a chapter 7 case because no reorganization is contemplated in a chapter 7 case.

Although the debtors appear to have any equity in the property, since the debtors were granted a discharge, the motion for relief from the automatic stay is moot as to the debtors. Thus, the motion will be denied.

Further, because the chapter 7 trustee filed no opposition to the motion, the motion will be granted as to the trustee.

An appropriate order will issue.

Dated: August 24, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

Case 05-28291   Filed 08/24/06   Doc 21

# CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

David & Barbara Bickford
24625 Clement Ave.
Los Molinos, CA 96055

Daniel Irving
741 Main St. #112
Red Bluff, CA 96080

John Reger
P.O. Box 933
Palo Cedro, CA 96073

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Mark Domeyer
Miles, Bauer, Bergstrom & Winters, LLP
1665 Scenic Ave., Suite 200
Costa Mesa, CA 92626

Dated: 8/25/06

_____
Deputy Clerk

R. Lopez